# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

*Filed Electronically: May 14, 2018*

| | |
|---|---|
| IDEKER FARMS, INC., *et al.*,   ) | |
| ) | |
| Plaintiffs,   ) | Case No.:  1:14-cv-00183-NBF |
| v.   ) | |
| ) | Senior Judge Nancy B. Firestone |
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Defendant.   ) | |

## UNITED STATES' RESPONSE TO COURT'S ORDER DIRECTING BRIEFING ON EFFECTS OF *ST. BERNARD PARISH* DECISION

JEFFREY H. WOOD
ACTING ASSISTANT ATTORNEY GENERAL
United States Department of Justice
Environment & Natural Resources Division

TERRY M. PETRIE
CARTER F. THURMAN
EDWARD C. THOMAS
United States Department of Justice
Environment & Natural Resources Division
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
Tel: (303) 844-1369
Fax: (303) 844-1350
E-mail: Terry.Petrie@usdoj.gov

*Attorneys for United States*

**INTRODUCTION**

Pursuant to the Court's April 20, 2018 Order, the United States' submits this response to the Court's order "addressing how the *St. Bernard Parish* decision affects the plaintiffs' motion for reconsideration." ECF No. 431. The Federal Circuit's decision in *St. Bernard Parish* makes clear that Plaintiffs' Motion for Reconsideration should be denied because their theory of causation is legally incorrect. Because Plaintiffs failed to apply the correct standard there was a failure of proof on a threshold legal issue. For the reasons stated in the United States' Motion for Reconsideration,[1] ECF No. 436, this Court should deny Plaintiffs' motion and dismiss all Plaintiffs' claims.

**ARGUMENT**

On April 20, 2018, the Federal Circuit issued its decision in *St. Bernard Parish v. United States*, 887 F.3d 1354 (Fed. Cir. 2018). The Federal Circuit reversed the trial court and held that "both the plaintiffs and the Claims Court failed to apply the correct legal standard, which required that the causation analysis account for government flood control projects that reduced the risk of flooding." *St. Bernard Parish*, 887 F.3d at 1357. Specifically, the Federal Circuit noted that "in the remand decision of *Arkansas Game*, [it] clarified that the appropriate analysis for causation considers all government actions." *Id.* at 1364 (citing *Arkansas Game & Fish Comm'n v. United States*, 736 F.3d 1364, 1372 n.2 (Fed. Cir. 2013)). The Federal Circuit "explained that 'the proper comparison would be between the flooding that occurred prior to the construction of [the dam] and the flooding that occurred during the deviation period,'

---

[1] While Plaintiffs' failure of proof requires denial of Plaintiffs' motion for reconsideration and dismissal of all Plaintiffs' claims, depending on any future rulings on liability, and as noted by the United States in ECF No. 430, at 1 n.1, the United States also may seek reconsideration of the Court's findings pursuant to RCFC 42(c)(2).

1

emphasizing that the causation analysis considers causation based on the entirety of government action, not merely the deviation from the original water-release policy." *Id.* at 1364-65 (quoting *Arkansas Game*, 736 F.3d at 1372 n.2).

Like plaintiffs in *St. Bernard Parish*, Plaintiffs here "failed to consider the impact of the risk-reducing project." 887 F.3d at 1367-68. Plaintiffs were required to prove that the flooding that actually occurred on their properties was more than the flooding that would have occurred if the United States had never built the reservoirs, constructed or repaired levees, or implemented the Bank Stabilization and Navigation Project. But Plaintiffs offered no evidence on that point and their motion for reconsideration does not address this issue. Rather, Plaintiffs incorrectly compared actual water surface elevations after the Corps' 2004 reservoir system and river management changes to only estimated water surface elevations without such changes. Pls.' Mot. for Recons., ECF No. 429 at 2; *see also Ideker Farms, Inc. v. United States*, No. 14-183L, 2018 WL 1282417, at *15 (Fed. Cl. Mar. 13, 2018). Accepting that theory, the Court found that some Plaintiffs satisfied their burden of establishing causation, but that other Plaintiffs did not, specifically Plaintiffs whose claims related to the 2011 flooding and the L-575 and Union Township levees. *Ideker Farms, Inc.*, 2018 WL 1282417, at *15. Even if those Plaintiffs had shown that changes to the Corps' ongoing flood control efforts after 2004 had caused flooding that unchanged Corps operations might have prevented, such proof could not establish causation for purposes of a taking. As in *St. Bernard Parish*, the Court must reject Plaintiffs' takings claims here because "there was a failure of proof on the key issue of causation." 887 F.3d at 1368. Thus, the Federal Circuit's decision in *St. Bernard Parish* dictates that this Court should deny Plaintiffs' motion for reconsideration and dismiss all Plaintiffs' claims.

## CONCLUSION

The Court should deny Plaintiffs' motion for reconsideration as the *St. Bernard Parish* decision makes clear that Plaintiffs failed to apply the correct causation standard. This Court should therefore deny Plaintiffs' motion and dismiss all Plaintiffs' claims.

Respectfully submitted this 14th day of May, 2018.

        JEFFREY H. WOOD
        ACTING ASSISTANT ATTORNEY GENERAL
        United States Department of Justice
        Environment & Natural Resources Division

        *s/ Terry M. Petrie*
        TERRY M. PETRIE
        CARTER F. THURMAN
        EDWARD C. THOMAS
        United States Department of Justice
        Environment & Natural Resources Division
        999 18th Street
        South Terrace, Suite 370
        Denver, CO 80202
        Tel: (303) 844-1369
        Fax: (303) 844-1350
        E-mail: Terry.Petrie@usdoj.gov

        ***Attorneys for United States***