## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

*Filed Electronically, June 18,  2018*

| | | |
|---|---|---|
| **IDEKER FARMS, INC.,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Case No.:  1:14-cv-00183-NBF** |
| **v.** | ) | |
| | ) | **Senior Judge Nancy B. Firestone** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE A COMBINED REPLY TO THE "UNITED STATES' RESPONSE TO PLAINTIFFS' BRIEF REGARDING THE IMPACT OF *ST. BERNARD PARISH* ON PLAINTIFFS' MOTION FOR RECONSIDERATION" AND SURREPLY TO UNITED STATES' REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION**

Plaintiffs, by and through their counsel of record, respectfully move this Honorable Court to grant them leave, for good cause shown, to file a combined reply to the "United States' Response to Plaintiffs' Brief Regarding the Impact of *St. Bernard Parish* on Plaintiffs' Motion for Reconsideration," **ECF No. 441**, and surreply to the "United States' Reply in Suppport of Its Motion for Reconsideration," **ECF No. 442**.  In support of their Motion, Plaintiffs state:

1.       Pursuant to the Court's Order of April 24, 2018, **ECF No. 433**, the Parties timely filed, on May 14, 2018, the following briefs, both of which included, as ordered, briefing concerning the impact of the *St. Bernard Parish* ("*SBP*") decision on *Plaintiffs'* Motion for Reconsideration:

a.       Plaintiffs' "Reply to United States' Response to Plaintiffs' Motion for Reconsideration," **ECF No. 434**; and

b.       Defendant's "Response to Court's Order Directing Briefing on Effects of *St. Bernard Parish* Decision," **ECF No. 435**.

2.      On May 14, 2018, Defendant also filed a "Motion for Reconsideration," **ECF No. 436**, contending that pursuant to *SBP*, all of Plaintiffs' claims should be dismissed, making the exact same contention that it made in its Response to Plaintiffs' Motion for Reconsideration, **ECF N. 430** – that the Court, in its Trial Opinion, **ECF No. 426**, had not applied the proper standard for assessing causation, the *SBP* standard.

3.      In light of the filing of Defendant's Motion for Reconsideration based solely on *SBP*, the Court, in an order of May 16, 2018, **ECF No. 439**, ordered additional *SBP* briefing. Specifically, it ordered the following additional *SBP* briefing by the Parties, due May 31, 2018:

a.      the "parties shall file response briefs addressing the opposing party's arguments concerning the impact of the *St. Bernard Parish* decision on the plaintiffs' motion for reconsideration[;]" and

b.      "Plaintiffs shall file a response to the government's motion for reconsideration (EDF No. 436)."

The Court's order granted Plaintiffs leave to "file a combined brief addressing defendant's argument of the impact of the *St. Bernard Parish* decision on their motion for reconsideration and responding to defendant's motion for reconsideration." *Id.* **at 1 n.1.** The order also provided that the Government had until June 15, 2018, to "file its reply in support of its motion for reconsideration." *Id.* **at 2.**

4.      As ordered, the Parties timely filed, on May 31, 2018, the following briefs:

a.      **"**Plaintiffs' Combined Response to 'United States' Response to Court's Order Directing Briefing on Effects of *St. Bernard Parish* Decision,' and 'United States' Motion for Reconsideration,'" **ECF No. 440**; and

**b.**     "United States' Response to Plaintiffs' Brief Regarding the Impact of *St.*

*Bernard Parish* on Plaintiffs' Motion for Reconsideration," **ECF No. 441**.

As of the date of these filings, the Parties had each twice briefed the impact of the ***SBP*** decision

on the proof of Plaintiffs' claims as to the element of causation, both in the context of Plaintiffs'

Motion for Reconsideration and Defendant's Motion for Reconsideration.  Specifically, all such

briefing addressed the same overarching issue of whether this Court, under ***SBP***, had applied the

correct standard of assessing causation in entering its Trial Opinion.

**5.**     On June 15, 2018, Defendant timely filed its reply in support of its motion for

reconsideration, **ECF No. 442**, addressing for the *third time* the same issue of the application of

the ***SBP*** standard for assessing causation that each of the Parties had previously briefed twice.

Hence, with this latest Government filing, even though the ***SBP*** causation issue in question goes

directly to whether Plaintiffs' claims will be dismissed *in toto* for failure to prove causation, on

which issue they, not Defendant, have the ultimate burden of proof, Plaintiffs have only been

afforded the opportunity to file *two* briefs addressing that issue, while Defendant has not only

been afforded the opportunity to file *thre*e briefs addressing that issue, but the opportunity to

have the last word on whether Plaintiffs have satisfied *their* burden of proof as to causation.

**6.**     While Defendant has had the opportunity to respond or reply to *each* of Plaintiffs'

two briefs on the outcome determinative ***SBP*** causation issue, Plaintiffs have not had the

opportunity to respond to the last two of Defendant's briefs on that issue, Defendant's: (1)

"Response to Plaintiffs' Brief Regarding the Impact of *St. Bernard Parish* on Plaintiffs' Motion

for  Reconsideration,"  **ECF No.  441**; *and* (2) ["Reply In Support of Its Motion for

Reconsideration," **ECF No. 442**.  Indeed, the only ***SBP*** brief to which Plaintiffs have had an

opportunity to respond is Defendant's very short "bare bones' opening ***SBP*** brief.  Importantly,

Plaintiffs have not been afforded the opportunity to respond to the new arguments raised by Defendant in its latest two *SBP* briefs.  In those briefs, Defendant argues *for the first time*, the issue of the application of the *SBP* standard for assessing causation in opposition to Plaintiffs' Motion for Reconsideration and in support of its Motion for Reconsideration that: (1) the Federal Circuit's discussion in *SBP* of the *John B. Hardwicke* case was mere *dicta* which cannot be read, as Plaintiffs contend, to conclude that the *SBP* causation standard does not extend to an *Ideker* factual situation; (2) contrary to Plaintiffs contention, consideration of Plaintiffs' reasonable investment backed expectations are irrelevant to the *SBP* standard of assessing causation, *even though it is based upon a net benefits analysis*; and (3) Plaintiffs' theory of causation impermissibly depends, in part, on government inaction.  Thus, the true "back and forth" on these government arguments in support of the material and critical outcome determinative issue of causation, on which Plaintiffs have the ultimate burden of proof, that is envisioned by balanced and fair briefing would lie in granting Plaintiffs' motion.  *See Flanagan v. Wyndham Int'l, Inc.*, **231 F.R.D. 98, 101 (D.D.C. 2005)** (a surreply may be filed by leave of court "to address new matters raised in a reply, to which a party would otherwise be unable to respond.") (citation omitted).  Hence, if the leave requested herein is not granted, Plaintiffs will never have the opportunity to respond to the new arguments raised by Defendant on the issue of the application of the *SBP* standard for assessing causation, which Defendant would have this Court understand to be dispositive of all of Plaintiffs' claims.

7.      While the Court permitted Plaintiffs 40 pages for their combined response to Defendant's opening *SBP* brief and Motion for Reconsideration, they only used 23 pages.  This resulted from the fact, that as ordered by the Court, Plaintiffs were only responding to the bare bones *SBP* arguments that Defendant had raised to that point.  Plaintiffs respectfully submit that

20 pages of additional briefing would be sufficient to respond to the arguments raised by Defendant in its last two *SBP* briefs.

8.      Unless Plaintiffs' motion is granted, Defendant will not only have been afforded the opportunity to file *three* briefs to Plaintiffs' *two* briefs as to the same causation issue on which Plaintiffs have the ultimate burden of proof, but Defendant will have had the last word on that issue.   Under such circumstances, Plaintiffs submit that justice and fairness dictate that Plaintiffs be allowed equal briefing on this critical issue, which this Court has the discretion to grant. *Id.*

9.      Counsel for Defendant was contacted about Defendant's position on this Motion. Defendant requests that it be allowed until Thursday, June 21, 2018 to file its opposition.

**WHEREFORE**, for the foregoing reasons, Plaintiffs respectfully request that this Court sustain their motion for leave to file a combined reply and surreply to Defendant's last two *SBP* briefs to be filed 15 days after the granting of this motion, and for such other and further relief that is just and proper under the circumstances.

**Dated:** June 18, 2018.

Respectfully submitted,

 /s/ *R. Dan Boulware*
R. Dan Boulware
     *Attorney of Record*
Edwin H. Smith
Seth C. Wright
Polsinelli PC
3101 Frederick Avenue
St. Joseph, MO 64506
Telephone: (816) 364-2117   Fax: (816) 279-3977
E-mail:   dboulware@polsinelli.com
     esmith@polsinelli.com
     scwright@polsinelli.com


Benjamin D. Brown, DC 495836
     *Of Counsel*
Laura Alexander, DC  988950
     *Of Counsel*
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, NW
Suite 500 W
Washington, D.C. 20005
Telephone: 202-408-4600     Fax: 202-408-4699
E-mail:        bbrown@cohenmilstein.com
     lalexander@cohenmilstein.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that I did on this 18th day of June, 2018, cause the above and foregoing

to be sent via electronic transmission to:

Terry M. Petrie
Carter F. Thurman
Edward C. Thomas
United States Department of Justice
Environment & Natural Resources Division
999 18th Street
South Terrace, Suite 370
Denver, CO  80202
Telephone:  303-844-1369     Fax:  303-844-1350
E-mail:        Terry.Petrie@usdoj.gov
                   Carter.Thurman@usdoj.gov
                   Edward.Thomas@usdoj.gov

**ATTORNEYS FOR DEFENDANT**

 */s/ R. Dan Boulware*