# In the United States Court of Federal Claims

No. 14-183L
(Filed: May 12, 2020)

|  |  |
|---|---|
| IDEKER FARMS, INC., et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) ) |

**ORDER AND PRELIMINARY INSTRUCTIONS REGARDING REMOTE TRIAL STRUCTURE**

At the April 14, 2020 hearing, this Court encouraged the parties to confer regarding the upcoming remote trial. The parties conducted good faith negotiations and reached agreement on a proposed structure. The parties submitted their stipulation reflecting the agreed upon terms and requested the Court's direction regarding the use of written direct testimony. As discussed in the Court's order (ECF No. 569), the parties' stipulated terms are adopted in part with five changes: (1) direct testimony considered by the Court will be limited to direct testimony made during the proceedings under oath; (2) direct testimony of expert witnesses will be in narrative format and the direct testimony of lay witnesses is also encouraged to be presented in narrative format where possible; (3) for each witness under a party's control, the party shall provide an electronic notebook for that witness including the witness's narrative statement, where applicable, and each demonstrative, exhibit, or other presentation material to be presented or relied upon by

the witness in sequential order; (4) because of the logistical challenges associated with a remote trial, each side will be allotted 35 hours to present its evidence and conduct cross-examination of the other party's witnesses; (5) the remote trial will be conducted using the National Video Teleconferencing Service with the Cisco Meeting Application. Accordingly, the following will serve as the preliminary instructions regarding remote trial structure:

**I.     Pretrial Depositions**

1.      The parties are working in good faith to schedule expert depositions expeditiously.

2.      These expert depositions will be conducted remotely via videoconference. During the remote depositions, no counsel or associated person for either party will be physically present with the testifying witness. While the deposition is on-the-record, no counsel or other associated person will communicate off-the-record with the testifying witness (*e.g.*, via text message, email, or direct message).

3.      Given the remote nature of the depositions and trial, to the extent the depositions may require adjustment to Rule 30 or other Rules of the Court of Federal Claims (for example, to the length or manner of the proceedings), the parties will negotiate in good faith.

4.      The parties agree that testimony from the remote depositions, as well as from the depositions conducted before a remote trial was contemplated, will be available at trial only to the extent and in the manner traditional deposition testimony would be available. The parties stipulate that the nature of this remote trial does not qualify as

"exceptional circumstances" for purposes of Rule 32(a)(4)(E).

## II.     Pretrial Stipulations

1.     The parties will negotiate in good faith to reach pretrial stipulations on any genuinely undisputed facts that may be presented at trial. In stipulating to undisputed facts, each party reserves the right to object to the relevance of any stipulated fact.

2.     The parties will negotiate in good faith to reach pretrial stipulations on the admissibility of proposed exhibits.

3.     To the extent necessary, the parties request that the Court be available to confer regarding the parties' inability to reach reasonable stipulations.

## III.    Motions in Limine

1.     Motions in limine will be due eighteen days before trial (July 2 as per this Court's April 14, 2020 Order, ECF No. 560). Responses to motions in limine will be due 12 days before trial.

## IV.    Written Submissions for Direct Testimony

1.     Any direct testimony considered by the Court will be limited to direct testimony made during the proceedings under oath. For each witness under a party's control, 48 hours in advance of the witness's testimony, the party shall provide the Court and the opposing party with an electronic notebook which includes (1) the witness's narrative statement, where applicable and (2) each demonstrative, exhibit, or other presentation material to be presented or relied upon by the witness in sequential order.

## V.     Remote Trial

1. The trial shall be conducted remotely via videoconference using the National Video Teleconferencing ("VTC") Service with the Cisco Meeting application. The parties will coordinate in good faith with each other and with the Court regarding an appropriate daily schedule for trial.

2. The parties will negotiate in good faith to determine videoconferencing logistics and will coordinate with the Court and the Court's clerk as appropriate to arrange for technical details. The parties shall determine protocols for how best to manage remote video connections for multiple counsel, and for how to respond to technological and other disruptions.

3. Each side shall have no more than 30 minutes for an opening statement.

4. Following opening statements, the parties shall present their respective evidence. Each side shall have no more than 35 hours total to present its evidence and conduct cross-examination of the other party's witnesses. The Court's law clerk will track the time expended.

5. During the remote trial, no counsel or associated person for either party may be physically present with any witness or with the Court. During the course of each witness' on-the-record testimony (including both direct examination and cross examination), no counsel or other associated person may communicate off-the-record with the witness (*e.g.*, via text message, email, or direct message).

6. The format of live testimony will be either a narrative presentation (*e.g.*, Powerpoint testimony) or a question-and-answer exchange, or a combination

of both. Direct testimony of expert witnesses shall be conducted only through narrative presentations, and the Court encourages the parties to present direct testimony of lay witnesses in narrative format where possible. Any demonstratives, exhibits, or other presentation materials to be used by a witness will be specifically identified for and provided to opposing counsel and the Court in advance in accordance with Section IV above.

      7.      All witnesses will be available for live remote cross-examination at trial.

      8.      Following cross-examination, the party sponsoring testimony may offer re-direct testimony as necessary, followed by re-cross examination.

      9.      The Court shall have an opportunity to ask questions of any witness at any time.

      10.     There will be no closing statements at trial.

### VI. Post-trial Briefs

      1.      At a post-trial date to be determined later, the parties shall each submit a post-trial brief.

      2.      Any closing statements will be scheduled by the Court after post-trial briefs are filed.

**IT IS SO ORDERED.**

                                                s/Nancy B. Firestone
                                                NANCY B. FIRESTONE
                                                Senior Judge