# In the United States Court of Federal Claims

No. 14-183L
(Filed: July 10, 2020)

|  |  |
|---|---|
| IDEKER FARMS, INC., et al., | ) |
|   | ) |
| Plaintiffs, | ) |
|   | ) |
| v. | ) |
|   | ) |
| THE UNITED STATES, | ) |
|   | ) |
| Defendant. | ) |

**ORDER ON MOTION FOR LEAVE TO SUBSTITUTE APPRAISAL EXPERT**

On July 8, 2020, the government moved to substitute its appraisal expert for the trial scheduled for July 20, 2020 pursuant to Rule 16(b)(4)[1] of the Rules of the United States Court of Federal Claims ("RCFC"). (ECF No. 600) ("Def.'s Mot."). Specifically, the government sought to substitute Mr. Bernie Shaner of Valbridge Property Advisors for Mr. David Burgoyne because the government learned, after the filing of expert reports, that Mr. Burgoyne has "not timely filed certain tax returns or made payment of all outstanding taxes" and the government "is not willing to sponsor [his] testimony at trial." Def.'s Mot. at 2. The government further stated that it would be willing to bind Mr. Shaner to Mr. Burgoyne's report and deposition, and to arrange for an expedited deposition of Mr. Shaner to reduce any prejudice to the plaintiffs. *Id.* at 3.

On July 9, 2020, the plaintiffs filed a response opposing the government's motion. (ECF No. 602). Plaintiffs argued that the government has not shown good cause because no rule prohibits Mr. Burgoyne from testifying at trial, this error is a result of the government's lack of due diligence in selecting Mr. Burgoyne, and Mr. Burgoyne is still available for trial. Resp. at 2, 5. Further, plaintiffs argue that such a late substitution would prejudice the plaintiffs and require deposing a major witness within ten days of the start of trial. *Id.* at 6-7.

---

[1] RCFC 16(b)(4) states that a scheduling order "may be modified only for good cause and with the judge's consent."

The government filed its reply on July 10, 2020. (ECF No. 609). The government argued that a witness need not be prohibited or unavailable to permit substitution and that the plaintiffs will not be prejudiced where Mr. Shaner will be presenting the same testimony as Mr. Burgoyne and will be bound by Mr. Burgoyne's deposition. Reply at 1-3.

RCFC 16(b)(4) permits the court to modify the schedule "only for good cause." What constitutes good cause sufficient to justify modification varies with the circumstances of the case. Although the United States Court of Appeals for the Federal Circuit has not had occasion to address RCFC 16(b)(4), it has applied Rule 16(b)(4) from the Federal Rules of Civil Procedure ("FRCP"), which is identical to RCFC 16(b)(4).[2] In this connection, good cause "requires a showing that even with the exercise of due diligence the moving party could not meet the order's timetable." *Slip Track Sys., Inc. v. Metal-Lite, Inc.*, 304 F.3d 1256, 1270 (Fed. Cir. 2002); *see High Point Design, LLC v. Buyers Direct, Inc.,* 730 F.3d 1301, 1319 (Fed. Cir. 2013) ("When assessing whether good cause has been shown 'the primary consideration is whether the moving party can demonstrate diligence'") (quoting *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007)); *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) (agreeing that "'good cause' requires a showing of diligence"). The court can also consider whether the opponent would suffer undue prejudice. *See High Point Design LLC*, 730 F.3d at 1319 (explaining that in the Second Circuit "prejudice to the non-moving party" is a factor to consider "in addition to the movant's diligence"); *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

The court finds that the government has failed to demonstrate good cause for the requested substitution. Even though the government did not learn of Mr. Burgoyne's failure to timely file certain tax returns or make payment of all outstanding tax claims until after the filing of expert reports, the court agrees with the plaintiffs that it is the government's lack of due diligence in selecting Mr. Burgoyne which led to this motion. The government has not demonstrated otherwise. The court also agrees with the plaintiff that such a late substitution, days before trial, will prejudice the plaintiffs.

To the extent that the government argues that Phase II trial will not be meaningful without the government's appraisal evidence, the court notes that the government is not prohibited from relying on Mr. Burgoyne as a witness to present this information. In addition, the plaintiffs have proposed an alternative to allow the government to present

---

[2] FRCP 16(b)(4) provides that a "schedule may be modified only for good cause and with the judge's consent." This Court's interpretation of the RCFC is guided by case law interpreting the FRCP. *See* 2002 Rules Committee Note, Rules of the United States Court of Federal Claims (as amended July 1, 2019) ("[I]nterpretation of the court's rules will be guided by case law and the Advisory Committee Notes that accompany the Federal Rules of Civil Procedure.").

Mr. Burgoyne's appraised fair market values and appraised flowage easement values by stipulation. Resp. at 10. Although the government finds this proposal "unworkable," Reply at 3, it provides an additional option to present the court with the government's appraisal evidence that does not prejudice the plaintiffs.[3]

Accordingly, the government's motion to substitute its appraisal expert (ECF No. 600) is **DENIED**.

**IT IS SO ORDERED.**

s/Nancy B. Firestone  
NANCY B. FIRESTONE  
Senior Judge

---

[3] The government will not be precluded from presenting another appraiser in any future litigation.