## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| IDEKER FARMS, INC., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Case No.: 1:14-cv-00183-AOB |
| v. ) | |
| ) | Judge Armando O. Bonilla |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**JOINT STATUS REPORT AND PROPOSED DISCOVERY SCHEDULING ORDER**

Pursuant to the Court's November 5, 2025 Order, ECF No. 803, and Rule 16(b)(4) of the Rules of the Court of Federal Claims, Plaintiffs and the United States (the "Parties") jointly submit the below joint status report and proposed schedule.

## JOINT STATUS REPORT

1. **Status of Principal Bellwether Settlement**. As previously advised, the parties have reached tentative agreement on the language for a settlement of the non-monetary terms of the Phase II claims. The parties have conferred about the need for legal descriptions of the respective properties that will be subject to an easement and are in the process of jointly engaging surveyors to provide detailed legal descriptions. Although the government shutdown has temporarily delayed this process, Plaintiffs and the government have reached agreement on the surveyors to be retained. The parties have authorized the surveyors to begin work and the surveyors anticipate approximately 60 days to complete the surveys. When the surveyors have developed descriptions of the areas subject to the easement, that language will be added to the parties' settlement agreement, which will then be submitted for review by the Attorney General's authorized representative.

1

2.      **<u>Dismissal of Plaintiffs</u>**.  Plaintiffs' counsel have made progress contacting Plaintiffs who have not provided Claim Event Forms. On November 4, 2025, the parties filed a Stipulation of Dismissal with Prejudice (ECF No. 801) dismissing three additional plaintiffs. The one remaining Plaintiff is Vonna Jean Johnson, who has passed away as has her son. Plaintiffs have contacted Ms. Johnson's granddaughter, who is in the process of deciding whether she would like to remain in the case.

3.      **<u>Status of Phase III Discovery</u>**.  As previously reported, fact discovery is complete except for the depositions of two Corps witnesses that are hybrid fact/expert witnesses. The parties have agreed to take these depositions during expert discovery.  Plaintiffs served their expert reports on October 2, 2025, as required by the Court's Scheduling Order.  Plaintiffs responded on October 15, 2025, to the Government's request for additional information relating to the non-bellwether Plaintiffs' Claim Event Forms.

The United States has begun reviewing the most recent Claim Event Form production, which was produced by Plaintiffs while the government was shut down, on October 15.  The United States anticipates identifying additional deficiencies, ambiguities, or questions by November 21.[1]  Plaintiffs believe they have more than satisfied the Court's directive to provide baseline information.  Plaintiffs remain committed to working with the Government to provide additional information that will help to expedite and adjudicate the remaining claims.  Barring future disputes requiring judicial resolution, this item will be removed from future status reports.

---

[1] The United States anticipates that due to the volume of information provided additional errors and omissions may be found in the future, and the United States does not waive its right to raise those issues at a later date.

The United States is working diligently on its affirmative and rebuttal expert reports, which it intends to serve by January 9, 2026.  Additionally, the United States is in the process of identifying discrete legal issues, which are appropriate for adjudication and the resolution of which may facilitate the efficient resolution of Phase III.  The United States anticipates filing appropriate, focused motions *in limine* or motions for partial summary judgment, as appropriate, as soon as practicable.

      4.      **Proposal for Future Joint Status Reports**: The parties believe that the monthly status reports have been helpful in keeping the Court apprised of the current status of discovery throughout fact discovery, as well as during the remand of the principal bellwether plaintiffs in Phase II.  However, the parties believe that expert discovery is more discrete and structured, and should not require such frequent updates for the Court.  To that end, the parties propose that they file a joint status reports confirming that expert discovery is proceeding on schedule and identifying any legal issues that they are prepared to begin briefing within fourteen days of each deadline in their proposed schedule, set forth below.

**PROPOSED SCHEDULE**

1.      As reflected in the Court's most recent Order, ECF No. 803, the Court has vacated all deadlines in the scheduling order dated July 14, 2025, ECF No. 793. As such, the only currently operative deadline is the United States' deadline to produce its affirmative and rebuttal expert reports by January 9, 2026.

2.      As ordered, the parties have conferred and propose the following schedule for the completion of expert discovery:

| Event | Proposed Amended Deadline |
|---|---|
| Defendant's Affirmative and Rebuttal Expert Reports | January 9, 2026 |
| Joint Status Report | January 23, 2026 |
| Plaintiffs' Rebuttal and Reply Expert Reports | March 10, 2026 |
| Joint Status Report | March 24, 2026 |
| Defendant's Reply Expert Reports | May 11, 2026 |
| Joint Status Report | May 26, 2026 |
| Close of Expert Witness Discovery | July 10, 2026 |
| Joint Status Report proposing next steps | July 17, 2026 |

5.      Plaintiffs timely produced expert reports and supporting materials, pursuant to RCFC 26, on October 2, 2025 from the following:

      i. Dr. Larry Mays (hydrology);

      ii. Drs. Tonja Koob Marking and Malay Ghose Hajra (hydrology and geotech);

      iii. Dr. Joe Lauer (agronomy);

      iv. Dr. Bruce Babcock (economist and damages);

4

      v.    Rick Van Bruggen (hydrology); and

     vi.    Brock Heyde (appraiser).

6. The United States has retained over a dozen experts in fields such as meteorology, water surface elevation modeling and inundation mapping, levee and groundwater experts, and many others. Thus, before the conclusion of expert discovery, the parties will need to prepare for, schedule, and depose nearly twenty expert witnesses in addition to the hybrid witnesses from the Army Corps of Engineers.

7. This schedule takes into account several scheduling conflicts that the parties must navigate. For the Plaintiffs, lead counsel Seth Wright is taking time off in May and June 2026 for his daughter's high school graduation and a long-planned family vacation abroad, and has another trial set for October 26-30, 2026. Mr. Wright also anticipates being unavailable in early to mid-August in order to take his daughter to college. Further, co-counsel Ben Brown has long-planned vacations on February 23-25, April 28-May 9 and July 1-3, 2026. And co-counsel Benton Keatley has vacations planned for March 15-21, and April 30-May 3, 2026. On the United States' side, lead counsel Peter Brocker is going to be out on the remainder of his paternity leave from early in the new year until approximately the middle of April. Additionally, co-counsel Ashley Carter is currently out on maternity leave until at least the end of February.

8. Furthermore, based upon the number of anticipated expert witnesses from the United States, the subject matter, as well as the expert reports, documents, information and materials considered the volume of information will be substantial. The Plaintiffs' experts will need more than the currently allotted 30 days to review, analyze, test and then write reports that not only provide rebuttal respecting their affirmative opinions but also to respond to any affirmative opinions provided by the United States' experts.

9. The same is true for the United States with respect to rebuttal and reply expert reports. Simply put, the prior scheduling order's deadlines for rebuttal and reply expert reports did not provide sufficient time for the parties to conduct essential work given the volume, nature and complexity of the expert disclosures.

10. In addition, as noted above, the parties anticipate approximately 20 expert witness depositions with experts scattered all over the country. The now vacated scheduling order provided only 30 days to complete expert witness discovery after the Defendant's reply expert reports. Given the number of expert witnesses, the location of the experts, the travel and preparation involved along with the complex nature of the depositions, the parties have concluded that 30 days is insufficient and not realistic.

11. The parties share the Court's interest in expeditiously moving Phase III to resolution. However, the parties also believe that a schedule that is not overly rushed will have long-term benefits. The outcome of this phase of trial is likely to supply important findings and reference points that will establish the foundation for any future trials and for broad-based settlement negotiations. Thus, carefully vetting the Phase III issues through the adversarial process is critically important not only to adjudicating the Phase III claims, but to informing the resolution of the claims of the hundreds of Plaintiffs yet to proceed to trial. Put differently, the parties respectfully submit that this limited, additional time in Phase III is not only necessary but will yield efficiency in resolving all future claims, and, in turn, effectively expedite rather than delay the completion of this action as a whole.

12. Plaintiffs believe that, as part of any amended scheduling order, the Court should set a trial date and date for the site visit so that the Plaintiffs and Plaintiffs' counsel can plan accordingly. A site visit and trial in the fall of 2026 follows the Court's directive during the

November 5 status conference to have the Phase III trial concluded in 2026. In addition to the conflict dates for Plaintiffs' counsel provided above, the Plaintiff farmers typically begin harvest in mid-September and harvest typically concludes by Thanksgiving. Plaintiffs can and will make themselves available on whatever dates the Court selects for trial, including during fall harvest, but more advance notice will allow the Plaintiffs to plan during this important time of year for their farming businesses. Plaintiffs respectfully disagree with the United States' position below and are mindful of the Court's directives during the most recent status conference.  Plaintiffs submit that the Phase III trial can be completed in three weeks at most, which is consistent with the Phase II trial conducted in this matter.  Any additional issues raised by the United States can be addressed in due course but are not a reason to delay setting a trial date and/or ensuring that this trial is completed in 2026.

13.    The United States is not opposed to setting a trial date in this matter.  However, the United States submits that prior to setting a trial date, the parties must identify: (1) the legal issues they believe need to be addressed in Phase III, (2) the witnesses to be called in Phase III, both expert and lay witnesses, (3) any unavailabilities those witnesses may have during the trial window, and (4) the anticipated length of the trial.  Without this information, the Court may schedule a trial that will need multiple continuances to call key witnesses who are unavailable, or which may prove too short and result in continuances that interrupt the admission of evidence and testimony and needlessly extend the duration of the trial.  These challenges and inefficiencies occurred in Phase I of this litigation, and every effort should be made to avoid them in Phase III.  Plaintiffs' request that this Court set a trial date is premature, and the Court should instead order the parties to confer and submit a trial management plan with the above enumerated information and proposed trial dates by January 16, 2026 (one week after the United

States' expert reports are produced, such that the parties each understand the scope of expert testimony in this matter).

WHEREFORE, for the foregoing reasons and good cause shown, the Parties respectfully request that the Court amend the Scheduling Order as proposed herein.

Dated:  November 14, 2025                                     Respectfully submitted,

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

 s/ *Seth C. Wright (w/ Permission)*                  s/ *Peter W. Brocker*
Seth C. Wright                                                      PETER W. BROCKER
     *Attorney of Record*                              *Senior Trial Attorney*
Polsinelli PC                                                          United States Department of Justice
900 West 48th Place, Suite 900                          Environment & Natural Resources Division
Kansas City, MO  64112                                    Natural Resources Section
Phone:  (816) 753-1000                                     86 Chambers Street, Fl. 3
scwright@polsinelli.com                                    New York, NY 10007
                                                                              T: (212) 637-2804
Benjamin D. Brown, DC 495836                      E: peter.brocker@usdoj.gov
     *Of Counsel*
Cohen Milstein Sellers & Toll PLLC                 *Attorney for the United States*
1100 New York Avenue, NW
Suite 500 W
Washington, D.C. 2005
Phone:  (202) 408-4600
bbrown@cohenmilstein.com

*Attorneys for Plaintiffs*

8