**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

|  |  |  |
|---|---|---|
| IDEKER FARMS, INC., *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | Case No.: 1:14-cv-00183-AOB |
| v. | ) | |
| | ) | Judge Armando O. Bonilla |
| UNITED STATES, | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

**JOINT MOTION FOR A STATUS CONFERENCE**

The United States and Plaintiffs hereby jointly move this Court for a status conference. This conference is requested so that counsel for the United States – including Department of Justice management – and Plaintiffs may articulate additional information that the Court did not have at the time it denied the parties' joint motion to stay, *see* ECF No. 814. The parties now seek an opportunity to directly address any questions or concerns that the Court has about the parties' mutual desire to negotiate a fair and complete compromise to bring this litigation to an end.

The parties appreciate the Court's concern that the stay presents a potential for delay, and appreciate that in the past the parties have taken uncompromising and "contrasting views" in their joint status reports. *Id.* at 2-3. Nonetheless, the parties, for the first time, are in a position to resolve all claims in this case. The United States, having litigated this case strenuously through two trials and an appeal, is for the first time in this case's history ready and willing to negotiate a global settlement in this matter.[1] Plaintiffs' counsel have longstanding and close personal relationships with many of their

---

[1] The United States has considered the Court's previous guidance that successful mediation "requires the Government to walk in wanting to resolve the case." *See* May 29, 2024 Hr'g Tr. 54:1–7. In recent months, Plaintiffs' counsel and DOJ management from the Environment and Natural Resources Division have had a productive in-person meeting to explore potential resolution of all claims and the

clients and wholeheartedly believe that temporarily pausing this litigation at this juncture for just long enough so that the parties can dedicate the necessary attention and resources to seriously explore global resolution is in the best interests of their clients, who have not just been waiting years for their day in court but have also been waiting years for the United States come to the negotiating table ready and willing to seriously discuss a fair compromise.  While the Phase II principal bellwether settlement did take far longer to finalize and submit than anticipated, due to the need to obtain surveys for the properties, the fact that the parties were able to settle those claims reflects that the parties have been willing and able to compromise.  Now having the hindsight of the cost and timing of obtaining the surveys, the parties will discuss at mediation ways to streamline and/or avoid such unnecessary delays moving forward and seek a more efficient way of satisfying the United States' need to obtain recorded legal descriptions for each settled property.

The parties now seek to bring that spirit to the ongoing and productive settlement discussions. In anticipation of mediation and to ensure its success, the parties have already engaged in substantive discussion and exchange of a settlement framework to fairly group the plaintiffs for resolution of their claims.  The Hon. Diane P. Wood (Ret.) served for nearly thirty years on the Seventh Circuit, including as Chief Judge from 2013-2020, and is exceptionally well suited to guide the parties to mutual agreement.  To maximize the mediation's utility, the parties have reserved two full days for mediation at Plaintiffs counsel's law office in Chicago on May 26 and 28 with a scheduled day off in between so the parties can evaluate and consider each other's positions.  If resources were not limited, the parties would mediate without the need for a stay.  However, the Environment and Natural Resources Division is grappling with a severe staffing shortage.  Simply put, the defense team cannot effectively prepare for trial and effectively mediate this case.

---

parties have subsequently continued their discussions that have now led to the United States sharing the expense of a mediation process aimed at the resolution of all claims in this matter. ECF No. 813 ¶¶ 3–6.

In light of the foregoing, and in order to permit the parties – including Department of Justice management – to more fully address the bases for the requested stay as well as the Court's concern regarding a stay in this matter, the parties respectfully request a status conference to address their previously submitted request for a stay, *see* ECF No. 813.

Dated: May 1, 2026                                    Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

 s/ *Seth Wright*                                       s/ *Marissa Piropato*
Seth C. Wright                                Marissa Piropato
    *Attorney of Record*             Deputy Chief
E. Benton Keatley                            United States Department of Justice
    *Of Counsel*                      Environment & Natural Resources Division
Polsinelli PC                                Natural Resources Section
900 West 48th Place, Suite 900               P.O. Box 7611
Kansas City, MO  64112                       Washington, D.C. 20044-7611
Phone:  (816) 753-1000                       T: (202) 532-3182
                                             E: marissa.piropato@usdoj.gov

Benjamin D. Brown, DC 495836
    *Of Counsel*
Alexander J. Noronha                         *Attorneys for the United States*
    *Of Counsel*
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, NW
Suite 800
Washington, D.C. 20005
Phone:  (202) 408-4600

*Attorneys for Plaintiffs*